HOREIN v GILCHRIST

Docket No. 56203. Submitted February 8, 1983, at Grand Rapids.—
    Decided July 12, 1983.

Judy Horein brought a paternity action against Jeffrey Gilchrist.
    The Barry Circuit Court, Hudson E. Deming, J., entered an
    order of filiation based upon a jury verdict finding defendant to
    be the father of the child born to plaintiff. Defendant appeals,
    alleging that the trial court erred in allowing the admission
    into evidence of the results of a Human Leukocyte Antigen
    blood test, which indicated a high probability that defendant
    was the father. *Held:*

        The statute governing the administration of blood tests in
    paternity cases prohibited admission of test results as probative
    evidence of paternity at the time of trial. The statute has since
    been amended and now permits admission of blood test results.
    Because the statute promulgates a rule of evidence it falls
    within an exception to the general rule that statutes are to be
    given prospective effect unless the Legislature indicates a con-
    trary intent. The amendment is to be given retroactive effect.
    Thus, the trial court did not err in allowing the admission of
    the test results.

        Affirmed.

1. Statutes — Judicial Construction — Retroactivity.

    Generally, statutes are to be given prospective effect only unless
        the Legislature indicates a contrary intent; however, a statute
        will be given retroactive effect if it relates to procedure,
        changes only a remedy, or deals with a rule of evidence.

2. Children Born out of Wedlock — Paternity — Evidence —
        Blood Tests.

    An amendment to the statute governing the administration of
        blood tests in paternity cases provides that the results of tests
        "shall be admissible in the trial of the case", whereas the

References for Points in Headnotes
[1] 73 Am Jur 2d, Statutes § 350.
[2] 10 Am Jur 2d, Bastards § 118.
    Blood grouping tests. 46 ALR2d 1000.

statute formerly forbade admission of such test results as probative evidence of paternity; because the amendment promulgates a rule of evidence it should be given retroactive effect (MCL 722.716[d]; MSA 25.496[d]).

*Randall S. Levine,* for plaintiff.

*Dennis S. McCune,* for defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant appeals from a jury verdict finding that he is the father of a child born to plaintiff.

The sole issue on appeal is whether the trial court erred in admitting into evidence, over defendant's objection, results of a Human Leukocyte Antigen (HLA) blood test.

At the time of trial, MCL 722.716(d); MSA 25.496(d) prohibited the admission of blood test results as probative evidence of paternity. The statute, however, has since been amended to permit results of HLA blood tests to be admitted into evidence. 1982 PA 129. The question we must decide is whether the amendment should be given retroactive or prospective effect.

As a general rule, statutes are to be given prospective effect only unless the Legislature indicates a contrary intent. *Tulkku v Mackworth Rees Division of Avis Industires, Inc (On Remand),* 101 Mich App 709, 717; 301 NW2d 46 (1980), *lv den* 411 Mich 897 (1981). The rule, however, is subject to various exceptions. A statute is to be given retroactive effect if it relates to procedure, *McAvoy v H B Sherman Co,* 401 Mich 419, 459; 258 NW2d 414 (1977), changes only a remedy, *Denham v*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Bedford,* 407 Mich 517, 529; 287 NW2d 168 (1980), or deals with a rule of evidence, *Sherberneau v Metropolitan Life Ins Co,* 44 Mich App 339, 344; 205 NW2d 213 (1973); *Tulkku, supra,* p 717. The amendment to MCL 722.716(d); MSA 25.496(d) falls into the final exception. It provides that the result of a blood test, including an HLA test, "shall be admissible in evidence in the trial of the case". 1982 PA 129. The amendment clearly promulgates a rule of evidence and must be given retroactive effect.

From the foregoing, we conclude that the trial court did not err in admitting the HLA blood test results into evidence at the trial.

Affirmed. No costs, a significant question of statutory construction being involved.